<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| CARTIER GRAY, <br><br> Plaintiff, <br><br> v. <br><br> ATLANTA AUTOS, <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br> No. 26-628 (KMW-EAP) <br><br> **MEMORANDUM OPINION <br> AND ORDER** |

**THIS MATTER** comes before the Court upon the Complaint of pro se Plaintiff Cartier Gray ("Plaintiff") and his Application to Proceed in District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915. (Dkt. Nos. 1, 1-2.) Because Plaintiff proceeds in forma pauperis, the Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Plaintiff's Complaint will be dismissed with prejudice.

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that he has a monthly income of $30.00 and no expenses. IFP Application ¶ 1, 8. Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses, ¶¶ 1-8; and

**THE COURT FINDING** that because Plaintiff's income is modest, the Court **GRANTS** the IFP application.

## I. BACKGROUND

The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is dismissed with prejudice.

Plaintiff previously commenced an action in this Court against the same Defendant arising from the same alleged purchase of a 2022 Dodge Challenger from Atlanta Autos. *Gray v. Atlanta Autos*, Civ. No. 25-5983 (D.N.J.). In that action, Plaintiff asserted that he satisfied his contractual obligations by tendering payment through a purported "Bill of Exchange" and that Defendant breached the parties' agreement by failing to deliver the vehicle after receiving Plaintiff's notices of tender. *See Gray*, Civ. No. 25-5983, Compl., Dkt. No. 1.

After granting Plaintiff leave to proceed in forma pauperis, the Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). By Memorandum Opinion and Order dated August 14, 2025, the Court concluded that Plaintiff failed to state a claim upon which relief could be granted. *See Gray*, Civ. No. 25-5983, Mem. Op. & Order, Dkt. No. 3. Specifically, the Court held that Plaintiff's reliance on the United Kingdom's Bill of Exchange Act was misplaced, that the purported "Bill of Exchange" did not constitute valid legal tender under federal or New Jersey law, and that Defendant's failure to respond to Plaintiff's notices did not establish a breach of contract. *Id.* Accordingly, the Court dismissed the complaint without prejudice and granted Plaintiff thirty days to file an amended complaint curing the identified deficiencies. *Gray*, Civ. No. 25-5983, Mem. Op. & Order, Dkt. No. 3.

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Plaintiff did not file an amended complaint within the time permitted. Consequently, on October 24, 2025, the Court entered an Order dismissing that action with prejudice and directing the Clerk to close the case. *Gray*, Civ. No. 25-5983, Order, Dkt. No. 6.

Rather than appealing or seeking relief from that judgment, Plaintiff commenced the present action on January 20, 2026. (Dkt. No. 1.) Although the present Complaint expands upon Plaintiff's factual allegations and reorganizes them under additional headings, it is predicated on the same transaction, involves the same parties, and advances the same legal theory rejected in Plaintiff's prior action. *Compare Gray*, Civ. No. 25-5983, Compl., *with* Compl. (Dkt. No. 1).

## II.   LEGAL STANDARD

A court may also dismiss a complaint *sua sponte* on *res judicata* grounds where the defense is apparent from the face of the pleadings and matters of public record of which the court may take judicial notice. *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 492-93 (3d Cir. 1990).

## III.   DISCUSSION

### a.   Plaintiff's claims are barred by res judicata.

"The doctrine of *res judicata*, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as a previous suit." *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). Claim preclusion applies where there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984). The Court finds that all three requirements are satisfied here.

First, the prior action culminated in a final judgment on the merits. After dismissing Plaintiff's original complaint without prejudice and granting leave to amend, the Court entered a final Order dismissing the action with prejudice when Plaintiff failed to file an amended complaint within the time permitted. *Gray*, Civ. No. 25-5983, Order dated Oct. 24, 2025. That judgment has not been vacated or reversed and therefore constitutes a final judgment for purposes of claim preclusion. Second, both actions involve the identical parties: Plaintiff Cartier Gray and Defendant Atlanta Autos. Third, the present lawsuit is based upon the same cause of action. In determining whether two actions involve the same cause of action, the Third Circuit examines whether there is an "essential similarity of the underlying events giving rise to the various legal claims." *Athlone*, 746 F.2d at 983.

Here, both complaints arise from the same alleged April 2025 purchase agreement for a 2022 Dodge Challenger, the same purported Bill of Exchange tendered as payment, the same notices of tender mailed to Defendant, and the same alleged failure to deliver the vehicle. *Compare Gray*, Civ. No. 25-5983, Compl., *with* Compl. (Dkt. No. 1). Although the present Complaint contains additional factual detail and reorganizes Plaintiff's allegations under new headings, it asserts the identical breach-of-contract theory that Defendant's silence constituted acceptance of Plaintiff's purported tender and that Defendant therefore breached the contract.

Claim preclusion bars not only claims that were actually litigated, but also those arising from the same transaction that could have been litigated in the prior action. *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999). Plaintiff may not avoid the preclusive effect of the Court's prior judgment merely by filing a lengthier complaint that repackages the same operative facts and legal theory.

Accordingly, Plaintiff's Complaint is barred by *res judicata*.

4

### b. Even absent claim preclusion, the Complaint again fails to state a claim.

Even if claim preclusion did not apply, dismissal would nevertheless be required because the present Complaint does not cure the legal deficiencies identified in the Court's August 14, 2025 Memorandum Opinion. The Court previously explained that the United Kingdom's Bill of Exchange Act does not provide Plaintiff with a cause of action in federal court, that Plaintiff's purported Bill of Exchange did not constitute valid legal tender, and that Defendant's failure to respond to Plaintiff's notices of tender did not create contractual liability under New Jersey law. *Gray*, Civ. No. 25-5983, Mem. Op. at 2-4.

As noted *supra*, the present Complaint again alleges that Plaintiff discharged his contractual obligations by tendering payment through the same purported Bill of Exchange, that Defendant was obligated to reject the instrument within three business days, and that Defendant's silence constituted contractual acceptance and breach. Although Plaintiff has expanded his factual narrative and included additional citations to provisions of the Uniform Commercial Code, those additions do not alter the fundamental legal defect identified in the Court's prior opinion. The Complaint continues to rest upon the erroneous premise that Plaintiff's purported Bill of Exchange constituted valid legal tender and that Defendant's failure to respond transformed an otherwise unenforceable payment instrument into an enforceable contractual obligation. Because Plaintiff again fails to allege facts establishing a plausible breach-of-contract claim under New Jersey law, dismissal is independently warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, Plaintiff has already been afforded an opportunity to amend after receiving a detailed explanation of the deficiencies in his original pleading. Rather than amending that complaint, Plaintiff allowed judgment to be entered and thereafter filed a new action asserting the

5

same theory. Under these circumstances, permitting further amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is barred by the doctrine of *res judicata* and, independently, fails to state a claim upon which relief may be granted. Because further amendment would be futile, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

### ORDER

IT IS on this ___ day of **July, 2026** hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 1-2) is **GRANTED**; and further

**ORDERED** that this case be **DISMISSED WITH PREJUDICE**; and further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

6